### 12936. AYERS *v.* THE STATE.

LUKE, J. The judgment adjudging the defendant in contempt of court, being without evidence to support it, must be

*Reversed.*    Broyles, *C. J., and* Bloodworth, *J., concur.*

DECIDED DECEMBER 14, 1921.

Contempt; from Taliaferro superior court — Judge Shurley. September 1, 1921.

A rule nisi was issued against O. N. Ayers, requiring him to show cause why he should not be punished for contempt, in that he had been duly subpœnaed as a witness in the case of the State against J. C. Ayers and had failed to attend the court. On the hearing upon the rule it was shown by the sheriff of the county (Taliaferro) that he (O. N. Ayers) had failed to attend the court to which it was alleged he had been subpœnaed, but the sheriff, in his evidence, stated also that O. N. Ayers had never been subpœnaed as a witness as was set out in the rule nisi. The defendant, in his testimony, stated that the sheriff of Franklin county (the county of his residence) had left word at a neighbor's house for him to appear at court somewhere, he (the defendant) knew not where; and this was all the service he had ever had. The judge found him guilty of contempt of court and imposed sentence upon him, and he excepted, alleging that this judgment was error because there was no evidence on which it could have been based. In a note to the bill of exceptions the judge said: " O. N. Ayers was prosecutor in case against his brother, charged with the offense of assault with intent to murder. The rule was issued on the idea that he was a witness under subpœna. When arrested and brought to Taliaferro court I sentenced him as set out, not for being absent as a witness, but for evading the court, he being the prosecutor."

*Hugh E. Combs, Colley & Colley,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.